1
2
3                   **UNITED STATES DISTRICT COURT**
4                        **DISTRICT OF NEVADA**
5
6   BOARD OF TRUSTEES - PLUMBERS          )
7   AND PIPEFITTERS UNION LOCAL 525       )
    PENSION PLAN, *et al*.,                 )
8                                         )
                Plaintiffs,               )   Case No. 2:13-cv-01607-MMD-CWH
9                                         )
    vs.                                   )   **REPORT AND RECOMMENDATION**
10                                        )
    ALL SEASONS INTERIOR & EXTERIOR )
11  MAINTENANCE,                          )
                                          )
12              Defendant.                )
    _____)

13          This matter is before the Court on an Order to Show Cause hearing held on April 22, 2014 in

14  which Defendant All Seasons Interior and Exterior Maintenance failed to appear. *See* Minutes of

15  Proceedings #21.

16                              **BACKGROUND**

17          Defendant All Seasons Interior and Exterior Maintenance first appeared on October 11, 2013

18  by filing Motion to Dismiss (#8).  The Court stayed this matter until March 20, 2014 due to

19  proceedings in bankruptcy court regarding Defendant.  *See* Orders #11 and #15.  On March 3, 2014,

20  Defendant's attorneys filed a motion to withdraw as counsel of record due to difficulty obtaining

21  payment.  *See* Motion to Withdraw #16.  On March 5, 2014, the Court found good cause to allow

22  Defendant's attorneys to withdraw and gave Defendant until April 4, 2014 to advise the Court if they

23  will retain new counsel.  *See* Order #17.  The Court notified Defendant it must retain new counsel to

24  proceed because a corporation may appear in federal court only through licensed counsel.  *U.S. v. High*

25  *Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993).  Further, the Clerk of Court was

26  instructed to serve Defendant with a copy of Order #17 at its last known address.  Defendant did not

27  advise the Court if it intended to retain new counsel and no appearance was made on its behalf as of

28  April 4, 2014.  Accordingly, the Court conducted a status conference on April 10, 2014 and

1  Defendant failed to appear.  *See* Minutes of Proceedings #19.  Finally, the Court issued an order to

2  show cause on April 10, 2014 warning Defendant that failure to appear at the order to show cause

3  hearing will result in a recommendation the default judgment be entered against Defendant.  *See* Order

4  #20.  The Court conducted an order to show cause hearing on April 22, 2014 in which Defendant failed

5  to appeared.  *See* Minutes of Proceedings #21.

6  **DISCUSSION**

7  　　　The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

8  inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  It is with that charge

9  as a guide that this Court construes and administers the Federal Rules.  There are several mechanisms

10  whereby the Court can accomplish this goal, such as entering case-dispositive sanctions against a party

11  that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.

12  　　　For example, Fed. R. Civ. P. 16 is a central pretrial rule that authorizes the court to manage

13  cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the

14  trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Products Liability*

15  *Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these objectives by

16  permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial

17  order."  *Id*.  Rule 16(f) specifically provides that "the court may issue any just orders, including those

18  authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or

19  other pretrial order."  A sanction available to the Court under Rule 37(b)(2)(A)(v) is dismissing the

20  action.

21  　　　When sanctions are warranted, the Court must determine the appropriate level or severity of

22  sanctions based on the circumstances of the case.  Generally, a case-dispositive sanction should only be

23  imposed as a last resort.  *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).  The Ninth

24  Circuit has constructed a five-part test to determine whether a case-dispositive sanction under Rule 37

25  (b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

26  manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their

27  merits; and (5) the availability of less drastic sanctions.  *See Connecticut General Life Ins. Co. v. New*

28  *Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  The test provides the courts with a way

1  to think about what to do rather than a set of conditions precedent for imposing sanctions.

2      Moreover, the Ninth Circuit has indicated that it is not always necessary for the court to impose

3  less severe sanctions first, or to give any explicit warning that a case-dispositive sanction may be

4  imposed. *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir.1998).

5  Indeed, the court may consider all of the offending party's conduct when making its determination of

6  the appropriate sanction. *Henry*, 983 F.2d at 947. However, the disobedient party's conduct must be

7  due to willfulness, fault, or bad faith for a case-dispositive sanction to be appropriate. *Henry*, 983 F.2d

8  at 947-48 (*citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1990)).

9      The Court will now address the relevant factors in deciding whether the severe sanction of

10  entering default is justified based on Defendant's failure to obey court orders and failure to appear at

11  two hearings.

12      **1.    Expeditious Resolution of Litigation**

13      "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the

14  same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in

15  money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Products*

16  *Liability Litigation*, 460 F.3d at 1227. Here, Defendant failed to comply with court orders (#17 and

17  #20) by failing to notify the Court as to whether it retained counsel, and failing to appear at the status

18  conference, and failing to appear at the order to show cause hearing. This behavior is inconsistent with

19  Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Accordingly,

20  this factor weighs in favor of entering a case-dispositive sanction against Defendant.

21      **2.    Court's Need to Manage Its Docket**

22      It has long been recognized that the court's inherent power to control its docket includes the

23  ability to issue severe sanctions, such as striking an answer or entering a default judgment, where

24  appropriate. *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986)

25  (citation omitted). Indeed, the Supreme Court has noted that case-dispositive sanctions, "must be

26  available to the district court in appropriate cases, not merely to penalize those whose conduct may be

27  deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the

28  absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S.

639, 642 (1976).

Here, Defendant has repeatedly disregarded the Court's orders as outlined above.  As a result, it appears as though Defendant is willingly ignoring, avoiding, and otherwise refusing to comply with the Court's orders.  Additionally, Defendant has not provided a valid justification for its failure to comply with the Court's orders.  These failures have thwarted the advancement of this case making it difficult for the Court to effectively manage its docket.  As a result, this factor weighs in favor of recommending that a case-dispositive sanction be entered.

**3.**   **Risk of Prejudice**

The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial.  Defendant has refused to participate in this case through the willful violation of the Court's orders.  These actions are highly prejudicial and impair the ability of Plaintiffs to go to trial and conduct discovery to prepare their case.  Accordingly, this factors weighs in favor of imposing a case-dispositive sanction.

**4.**   **Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" case-dispositive sanctions.  *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted).  Although this factor may cut against recommending that default be entered, it is not enough to prevent such a recommendation.  Indeed, Defendant's lack of participation has made it impossible for the Court to continue the case.

**5.**   **Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal.  Two questions facilitate this analysis: (1) whether the court considered lesser sanctions and their adequacy and (2) whether the court warned the recalcitrant party about the possibility of case-dispositive sanctions.  *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

It is apparent that Defendant has not participated in good faith in notifying the Court regarding its intent to proceed in this action.  Further, it appears as though Defendant has no intention of attempting to comply with its pre-trial obligations.  Additionally, the Court expressly warned Plaintiff of the possibility of dismissal in its order to show cause.  *See* Order #20.  The Court can only conclude

4

1   that Defendant has abandoned its defense of this case and, therefore, this factor weighs in favor of

2   recommending that a case-dispositive sanction be entered.

3                                   **CONCLUSION**

4          A case-dispositive sanction is appropriate where four factors support it, or where at least three

5   factors "strongly support" it.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

6   (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  After careful consideration,

7   the court finds that four factors support entering default against Defendant due to its failure to comply

8   with court orders and failure to appear at two hearings.  Therefore, the Court will recommend that such

9   sanction be imposed.

10         Based on the foregoing and good cause appearing therefore,

11                                  **RECOMMENDATION**

12         **IT IS HEREBY RECOMMENDED** that default be entered against Defendant All Seasons

13  Interior and Exterior Maintenance.

14                                    **NOTICE**

15         Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

16  writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

17  that the courts of appeal may determine that an appeal has been waived due to the failure to file

18  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

19  held that (1) failure to file objections within the specified time and (2) failure to properly address and

20  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

21  issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

22  *v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

23         Dated this 29th day of April, 2014.

24

25

26  _____
    **C.W. Hoffman, Jr.**
    **United States Magistrate Judge**

27

28

                                         5